UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANAN HAMKA, an individual,<br><br>                     Plaintiff,<br><br>v.<br><br>ILFORT FEL, an individual,<br><br>                     Defendant. | Case No.: 20cv885-GPC(KSC)<br><br>**ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE ECONOMIC AND NON-ECONOMIC DAMAGES DISCLOSURES [Doc. Nos. 32, 33]** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute. [Doc. No. 32.] In the Joint Motion, defendant seeks an order imposing or recommending sanctions against plaintiff pursuant to Federal Rule of Civil Procedure 37(c)(1) for failing to make the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii) regarding her alleged economic and non-economic damages. [Doc. No. 32, at pp. 1-2, 13.] For the reasons outlined more fully below, the Court finds that defendant's request for an order imposing or recommending Rule 37(c)(1) sanctions against plaintiff must be DENIED.

/ / /
/ / /
/ / /

1

### *Background*

The Complaint includes a single cause of action for negligence. [Doc. No. 1, at p. 1.] Plaintiff alleges defendant Ilfort Fel, an Uber driver, ran over her right foot while she was getting out of the car while being dropped off at a hotel. Plaintiff initially was treated for injuries to her foot at Scripps Mercy Hospital. She then received further treatment in Michigan, where she resides. [Doc. No. 1, at pp. 3-4.]

As a result of defendant's alleged negligence, the Complaint claims plaintiff incurred non-economic damages, "including but not limited past and future physical pain and mental suffering, in an amount in excess of $75,000.00." [Doc. No. 1, at pp. 4-5.] The Complaint also alleges plaintiff "incurred economic damages, including but not limited to, past and future medical expenses, and other incidental and out of pocket expenses." [Doc. No. 1, at p. 5.]

### *Discussion*

**I.   *Federal Rules of Civil Procedure.***

Federal Rule of Civil Procedure 37(c)(1) state as follows: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions. . . ." Fed.R.Civ.P. 37(c)(1).

Federal Rule of Civil Procedure 26(a)(1) states in part as follows: "[A] party must, without awaiting a discovery request, provide to the other parties: . . . (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered. . . ."

Fed. R. Civ. P. 26(a)(1)(A)(iii).  Under Federal Rule of Civil Procedure 26(e), a disclosing party who learns that a response to a discovery request is "incomplete or incorrect" has a duty to supplement the response in a timely manner "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(a).

## II. *Plaintiff's Initial Disclosures Re:  Economic Damages*.

As noted above, the Complaint alleges plaintiff incurred economic damages for past and future medical expenses and other incidental and out-of-pocket expenses because of defendant's alleged negligence.  [Doc. No. 1, at p. 5.]  According to defendant, plaintiff reserved her right to seek economic damages in her initial disclosures, but she did not provide a computation or any evidence to support her claim for economic damages.  [Doc. No. 32, at p. 1.]

Defendant also claims there is "uncertainty concerning the [economic] damages sought by plaintiff" based on her responses to various discovery requests.  [Doc. No. 32, at p. 5.]  Although plaintiff indicated on February 1, 2021 in responses to requests for admissions that she is ***not*** pursuing recovery of economic damages, she amended that response on March 5, 2021, stating she is unable "to admit or deny the same matter."  [Doc. No. 32, at p. 5.]  In her second amended responses dated March 11, 2021, plaintiff indicated she is ***not*** seeking to recover economic damages.  [Doc. No. 32, at pp. 5-6.]  However, defendant believes based on the "various iterations of plaintiff's responses to [] interrogatories (the most recent of which is dated April 16, 2021)" that plaintiff is seeking recovery of economic damages in the form of wage-based claims."  [Doc. No. 32, at pp. 5-6.]  As a result, defendant argues he has been prejudiced in his ability to complete fact and expert discovery, so plaintiff should be sanctioned under Rule 37(c)(1) for failure to satisfy the initial disclosure requirement and precluded from presenting any evidence to support an award of economic damages in this case.  [Doc. No. 32, at pp. 1-2, 13.]

In the Joint Motion, plaintiff responds as follows:  "Plaintiff is agreeable to the exclusion of economic damages and evidence thereof."  [Doc. No. 32, at p. 2.]  "Plaintiff

has already admitted that she is not seeking economic damages in this action, so that issue is moot." [Doc. No. 32, at p. 11.] Plaintiff also submitted a copy of her initial disclosures, which state in pertinent part as follows: "Plaintiff is claiming non-economic damages and reserves the right to claim ***excess*** ***economic damages that may result from her Michigan No Fault claim currently pending in Michigan.*** Plaintiff has communicated a computation of damages to defendant." [Doc. No. 33, at p. 10 (emphasis added).] In addition, plaintiff submitted excerpts from her responses to defendant's special interrogatories, and these excerpts indicate she is pursuing recovery of her medical expenses in a separate action in Michigan. [Doc. No. 33, at 2.] These excerpts state plaintiff executed authorizations allowing defendant in this action to obtain copies of the medical bills disclosed in the Michigan action. [Doc. No. 33, at p. 2.]

Based on the information submitted by the parties, the Court cannot conclude there is any basis for the imposition of sanctions against plaintiff under Rule 37(c)(1) for failure to make the required initial disclosures under Rule 26(a)(1)(A)(iii) as to her claimed economic damages. Although the information plaintiff included in her initial disclosures about her economic damages was minimal, there is nothing to indicate plaintiff provided information that was inaccurate, incomplete, or misleading at the time it was provided. Nor is there enough evidence before the Court to establish that plaintiff failed to provide additional or corrective information in response to other discovery requests about her claim for economic damages. To the extent defendant believed plaintiff's responses to other discovery requests about her claimed economic damages were ambiguous, the appropriate course was for defendant to timely satisfy the meet and confer requirements as to those specific requests. Then, if any ambiguities could not be resolved, defendant's remedy was to follow the Court's Chambers Rules for raising discovery disputes to request an order compelling plaintiff to provide adequate responses. Therefore, the Court finds that defendant's request for an order imposing or recommending sanctions under Rule 37(c)(1) against plaintiff for failing to make

/ / /

4

20cv885-GPC(KSC)

adequate initial disclosures about her economic damages under Rule 26(a)(1)(A)(iii) must be DENIED.

### III.   *Plaintiff's Initial Disclosures Re:  Non-Economic Damages*.

With respect to non-economic damages, defendant contends plaintiff failed to comply with the initial disclosure requirements in Rule 26(a)(1)(A)(iii) for two reasons. First, defendant complains that plaintiff's initial disclosures did not include a computation of her non-economic damages.  Second, defendant contends plaintiff did not produce "all available evidentiary support" for her non-economic damages with her initial disclosures.  Because plaintiff did not comply with the initial disclosure requirements, defendant claims he was prejudiced in his ability to complete fact and expert discovery, and, as a result, Rule 37(c)(1) sanctions against plaintiff are warranted. [Doc. No. 32, at p. 2.]  In this regard, defendant specifically seeks an order precluding plaintiff from requesting or presenting a specific monetary amount of non-economic damages at trial.  [Doc. No. 32, at pp. 2, 10, 12-13.]

Plaintiff argues that emotional distress damages are "necessarily vague" and "difficult to quantify," so she is not even required to disclose a specific amount or a computation of her emotional distress damages.  [Doc. No. 32, at p. 11.]  In support of this position, plaintiff cites cases such as *Williams v. Trader Publishing Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000) (stating that compensatory damages for emotional distress "may not be amenable to the kind of calculation disclosure contemplated by" Rule 26(a)(1) because they are "necessarily vague and are generally considered a fact issue for the jury"); and *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (sustaining an objection to an interrogatory seeking a specific dollar amount for claimed non-economic damages based on the holding in *Williams*, *supra*, and because the plaintiff did not intend to ask the jury for a specific dollar amount at trial).

Plaintiff's reliance on cases such as *Willliams* and *Merrill* is misplaced.  The Court notes plaintiff has clearly stated an intention to introduce a specific dollar amount of non-economic damages to the jury at trial [Doc. No. 32, at p. 11], and the Fifth Circuit in

*Williams*, 218 F.3d at 481, specifically stated it was not necessary in that case to "decide whether assigning a dollar figure to emotional distress damage without previously disclosing the figure is in contradiction to Rule 26." *Id.* at 486. In addition, as defendants contend, other courts have concluded it would be unfair if the plaintiff is permitted to present a specific amount of emotional distress damages to the jury when the defendant had not had an opportunity to discover the basis for the amount prior to trial. *See e.g,. Maharaj v. California Bank & Tr.*, 288 F.R.D. 458, 464 (E.D. Cal. 2013); *Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 267 F.R.D. 257, 282 (D. Minn. 2007)

Regardless, plaintiff contends she satisfied the requirements in Rule 26(a)(1)(A)(iii), because her initial disclosures indicate "that a computation for non-economic damages had already been communicated to the defendant" and because she also provided "accompanying documents" with her initial disclosures. [Doc. No. 32, at pp. 2, 4, citing Ex. 2, Initial Disclosures.] According to plaintiff, her computation of non-economic damages was provided "***contemporaneously*** to her initial disclosures being served on defendant" (*i.e.*, as part of a protected settlement communication in August 2020). [Doc. No. 32, at pp. 3, 6 (emphasis added).] Plaintiff also states she later provided defendant with a computation of her non-economic damages in response to Special Interrogatory No. 74. [Doc. No. 32, at p. 2, citing Ex. 1.]

Defendant acknowledges that plaintiff did communicate a specific dollar amount of damages for her pain and suffering "and the basis for her request as part of a protected settlement communication in August 2020." [Doc. No. 32, at p. 3.] However, it is defendant's view that communicating damages as part of a protected settlement communication "is not the same as making the required initial disclosures." [Doc. No. 32, at p. 6.]

Defendant also acknowledges that plaintiff's response to Special Interrogatory No. 74 states plaintiff seeks the specific amount of $4,860,000 in non-economic damages for pain and suffering and does explain how this amount was calculated. Defendant further acknowledges this is the same amount and calculation plaintiff disclosed in a

protected settlement communication in August 2020. [Doc. No. 32, at p. 5.] However, defendant's view is that Rule 37 sanctions against plaintiff are warranted, because she "forc[ed]" defendant to undertake too much time, effort, and expense to obtain an adequate response to Special Interrogatory No. 74 through the meet and confer process. [Doc. No. 32, at p. 5.]

Based on the information submitted by the parties, the Court cannot conclude there is any basis for the imposition of sanctions against plaintiff under Rule 37(c)(1) for failing to make the required initial disclosures under Rule 26(a)(1)(A)(iii) as to her non-economic damages. Technically, plaintiff should have included the computation of her alleged non-economic damages in her initial disclosure document on September 22, 2020,[1] instead of merely referencing the computation she previously provided to defendant in a separate settlement document in August 2020. However, without more, the Court can only conclude plaintiff's failure to do so was harmless.

As noted above, defendant acknowledges that plaintiff did communicate a specific dollar amount of damages for her pain and suffering "and the basis for her request as part of a protected settlement communication in August 2020." [Doc. No. 32, at p. 3.] Because defendant possessed this information at the time of initial disclosures, there does not appear to be any way he would have been prejudiced in his ability to complete fact and expert discovery related to plaintiff's claimed non-economic damages. *See, e.g., Alaska Stock, LLC v. Pearson Educ., Inc.*, 975 F.Supp.2d 1027, 1045-1046 (D. Alaska 2013) (concluding the plaintiff's late disclosure of its damages calculations was harmless because the defendant was already in possession of the information necessary to calculate the damages referenced in the plaintiff's initial disclosures); *Bean v. Pearson Educ., Inc.*, 949 F.Supp.2d 941, 953 (concluding the plaintiffs' delayed disclosure of a damages

---

[1] In a Notice and Order filed on August 24, 2020, the Court set September 22, 2020 as the parties' deadline for completing initial disclosures pursuant to Rule 26(a)(1)(A)-(D). [Doc. No. 12, at p. 5.]

calculation was harmless because the defendant suffered no surprise or prejudice and there was no bad faith or willfulness in the delayed disclosure).

Defendant also contends plaintiff failed to satisfy the initial disclosure requirements, because she did not produce "all available evidentiary support" for her non-economic damages at the time of initial disclosures. [Doc. No. 32, at pp. 1-2, 5, 10, 12, 13.] However, this contention is unsupported. Defendant did not provide the Court with any evidentiary basis for concluding that documentary evidence of plaintiff's non-economic damages was available at the time of initial disclosures, but that she failed to produce this evidence.

In sum, sanctions against plaintiff under Rule 37(c)(1) are not warranted, because plaintiff's failure to include a computation of her non-economic damages in her initial disclosures was harmless, and there is also nothing from which the Court could conclude plaintiff failed to produce all available documentary evidence of her non-economic damages at the time of initial disclosures. Accordingly, the Court finds that defendant's request for an order imposing or recommending Rule 37(c)(1) sanctions against plaintiff for failing to comply with the initial disclosure requirements in Rule 26(a)(1)(A)(iii) with respect to her claimed non-economic damages must be DENIED.

## *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that defendant's request for an order imposing or recommending Rule 37(c)(1) sanctions against plaintiff for failing to make required disclosures regarding her alleged economic and non-economic damages is DENIED.

IT IS SO ORDERED.

Dated: May 26, 2021

Hon. Karen S. Crawford
United States Magistrate Judge